UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANGELA FLICK, Individually and on behalf of
all others similarly situated and on behalf of the
American Financial Resources, Inc. 401K Plan,

                    Plaintiff,

        - against -

AMERICAN FINANCIAL RESOURCES, INC.,
COREY DUBNOFF, AMERICAN FINANCIAL
RESOURCES, INC., AS PLAN ADMINISTRATOR
OF THE AMERICAN FINANCIAL RESOURCES,
INC. 401(K) PLAN, and AMERICAN FINANCIAL
RESOURCES REALTY LLC,

                    Defendants.
-------------------------------------------------------------X

**ORDER**

CV 10-3084 (LDW) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

On December 28, 2010, Defendant American Financial Resources, Inc. ("AFR" or "Defendant") moved to have this Court confirm the validity of its November 12, 2010 Offer of Judgment which was served on Plaintiff pursuant to Fed. R. Civ. P. 68. *See* DE 37. Due to a procedural error in the Offer of Judgment, the Court denied Defendant's motion and declared that the Offer of Judgment was void since it did not comply with Rule 68.[1] DE 96. On April 11, 2011, AFR served another Offer of Judgment on Plaintiff which, other than curing the prior procedural defect, was essentially identical to the prior Offer of Judgment. Plaintiff rejected the Offer of Judgment and maintained that it was invalid, and, as such, did not trigger the cost-shifting provisions of Rule 68. In light of Plaintiff's position, Defendant now moves to have this

---

[1] Utilizing the pre-2009 amendment of Rule 68, AFR inadvertently stated a ten (10) day reply period in the Offer of Judgment instead of the currently required fourteen (14) day period.

Court confirm the validity of the April 11, 2011 Offer of Judgment. *See* DE 119. For the reasons set forth below, Defendants' motion is hereby GRANTED.

## II.    BACKGROUND

The April 11, 2011 Offer of Judgment provides for judgment to be entered against AFR in "the sum [of] $5000.00 to satisfy all of Flick's claims for relief" and "hereby additionally offers costs and reasonable attorneys fees if applicable as determined by the Court." Baldini Decl. in Supp. of Ltr. Mot., Ex. A. On April 22, 2011, Plaintiff rejected the Offer of Judgment claiming that it was "vague, ambiguous and impermissibly conditional" and asserted that the offer was invalid since it left undetermined the amount of reasonable attorneys' fees and costs. *Id.,* Ex. B. Plaintiff also contended that the Offer of Judgment was "not enough to satisfy the recovery of Plaintiffs' representative claims that include retaliation and its related provisions for compensatory and punitive damages" as well as the claims brought on behalf of the 401(k) Plan for equitable and injunctive relief.

In its motion, AFR argues that there was no ambiguity in the Offer of Judgment since it specifically indicated that the Offer included a sum of $5,000 and costs and reasonable attorneys' fees if applicable as determined by the Court. AFR claims that the Offer of Judgment clearly indicates that it offered $5,000 to satisfy all of Plaintiff's claims. Therefore, Defendant contends that whether or not Plaintiff believes that this amount is enough to redress her claims is immaterial to the question of whether the Offer of Judgment is valid.

Plaintiff's opposition, portions of which are duplicative of the arguments raised in her rejection letter to AFR, reiterates that $5,000 is an insufficient sum to compensate Plaintiff for the damages associated with all of her claims, which include back pay, front pay as well as

compensatory and punitive damages.[2]  Similarly, Plaintiff argues that the Offer of Judgment does not provide Plaintiff with the injunctive and equitable relief sought or any relief associated with the ERISA claims that were the subject of a motion to amend, then pending before Judge Wexler.[3]  Aside from these two arguments, Plaintiff dedicates the remaining portion of her opposition to discussing why the then pending ERISA claims should be added and why she has standing to assert the ERISA claims alleged.

### III.  LEGAL STANDARD

"Rule 68 is a cost-shifting rule designed to encourage settlements without the burdens of additional litigation." *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 229 (2d Cir. 2006).  Pursuant to Rule 68 of the Federal Rules of Civil Procedure, "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a).  Rule 68 continues, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).  The Second Circuit has determined that Rule 68 offers of judgment are to be "construed according to ordinary contract principles." *See Goodheart Clothing Co. v. Laura Goodman Enters.*, 962 F.2d 268, 272 (2d Cir. 1992).  Should some ambiguity exist in the language of a

---

[2]  AFR filed the pending letter motion on July 20, 2011.  On July 27, 2011, Plaintiff submitted a letter to the Court indicating that it mistakenly believed that the three business days it had to respond to Defendant's motion was trumped by a briefing schedule.  In this letter, Plaintiff requested that in lieu of filing additional papers the Court consider the opposition previously submitted by the Plaintiff on January 18, 2011, regarding Defendant's first offer of judgment. *See* DE 127.  This request was granted by the Court on August 2, 2011.

[3]  Ultimately, Plaintiff was granted leave to amend the complaint. *See* DE 54.  However, the ERISA claims were subsequently dismissed by Judge Wexler on June 29, 2011. *See* DE 108.

Rule 68 offer, that ambiguity must be resolved against the defendant. *See Shapiro v. Credit Prot. Ass'n I, Inc.*, 53 F. Supp. 2d 626, 628 (S.D.N.Y. 1999).

## IV.  DISCUSSION

Before addressing the merits of the pending motion, the Court is compelled to first address the manner in which this dispute has been presented to the Court.  The relief Defendant is seeking is for an order confirming the validity of its April 11, 2011 Offer of Judgment.  After extensive research the Court was unable to find a case in which similar relief was sought by a defendant.  The likely reason for this is that "the validity and effect of Rule 68 offers is usually not determined until the close of the suit and the filing of attorney's fee applications." *Boorstein v. City of New York*, 107 F.R.D. 31, 34 (E.D.N.Y. 1985).  However, this is not to say that Defendant's motion is improper.  The Court has found at least two instances in this Circuit where the validity of a Rule 68 offer was decided by a court after the time to accept the offer had run, but prior to the close of the suit, albeit on motion by the plaintiff seeking to strike the offer of judgment.[4]  *See Christian v. R. Wood Motors, Inc.*, No. 91-CV-1348, 1995 WL 238981, at *1 (N.D.N.Y. Apr. 21, 1995); *Boorstein*, 107 F.R.D. at 33.  The Court sees no reason why it should not logically follow that a defendant, looking to avail itself of the cost-shifting provisions of Rule 68, cannot petition the Court in order to confirm that its Rule 68 Offer of Judgment is valid.

---

[4]  The Court also reviewed the case *Frazier v. Harris*, 218 F.R.D. 173 (C.D. Ill. 2003) in which the court considered plaintiff's motion to declare the offer of judgment invalid and held that the plaintiff "will not be subject to the requirements of Rule 68 with respect to the September 17th offer of judgment." 218 F.R.D. at 175.

Turning to the specifics of the pending motion, the Court finds no merit to the arguments proffered by the Plaintiff to support her contention that the April 11, 2011 Offer of Judgment was invalid. In *Marek v. Chesny*, 473 U.S. 1, 5, 105 S. Ct. 3012, 87 L. Ed. 2d 1, the seminal case regarding Rule 68 offers of judgment, the Supreme Court was faced with the contention that an offer of judgment was invalid since the offer lumped the proposal for damages with the proposal for costs. In finding that lump-sum offers were appropriate, the Supreme Court held that "[w]e do not read Rule 68 to require that a defendant's offer itemize the respective amounts being tendered for settlement of the underlying substantive claim and for costs." *Id.* at 6. In so holding, the Supreme Court reasoned:

> The critical feature of this portion of the Rule is that the offer be one that *allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued* . . . . If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obligated by the terms of the Rule to include in its judgment an additional amount which in its discretion . . . it determines to be sufficient to cover the costs. In either case, however, the offer has *allowed* judgment to be entered against the defendant both for damages caused by the challenged conduct and for costs. Accordingly, it is immaterial whether the offer recites that costs are included, whether it specifies the amount the defendant is allowing for costs, or, for that matter, whether it refers to costs at all. As long as the offer does not implicitly or explicitly provide that the judgment *not* include costs, a timely offer will be valid.

*Id.* (emphasis in original). The *Marek* case clearly indicates that an offer of judgment is valid whether or not the offer provides a specific monetary figure for costs.

5

The Second Circuit and numerous courts within its boundaries have enforced and/or accepted offers of judgment which left the determination of costs and attorneys' fees to the court. For example, in *Goodheart Clothing Co.*, the offer of judgment which was accepted by the plaintiff and entered by the court provided for a monetary judgment in the amount of $1,000 "exclusive of costs and attorneys fees, if any, awarded by the Court." 962 F.2d at 271. Moreover, in *Darboe v. Goodwill Indus. of Greater N.Y. & N.J., Inc.*, 485 F. Supp. 2d 221, 222 (E.D.N.Y. 2007), the defendants served an offer of judgment in the amount of $12,500 in damages with reasonable attorneys fees and costs to be determined by the court. The court, in enforcing the offer of judgment, determined that it deprived the court of subject matter jurisdiction since the offer fully compensated the plaintiff for all damages alleged. *Darboe*, 485 F. Supp. 2d at 224. As a result, the court dismissed the action.

Likewise, in *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 452 (E.D.N.Y. 2000), an offer of judgment was made in the amount of "one thousand dollars ($1,000), the costs of the action, and a reasonable attorney's fee incurred up through the date of the offer as determined by the court." The court entered judgment against the defendant "in accordance with its Rule 68 offer of judgment" and "retain[ed] jurisdiction to determine the amount of reasonable attorney's fees and costs of the suit." *Ambalu*, 194 F.R.D. at 453. The Court notes a similar result occurred in *Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F. Supp. 2d 157, 159 (E.D.N.Y. 2003), where the defendant served an offer of judgment which "consented to judgment in favor of the plaintiff in the total amount of $1,000, plus costs, disbursement and reasonable attorneys' fees incurred by the plaintiff to date of the offer." Further support can be found in the Southern District of New York where an offer of judgment which left the amount of costs, including

6

reasonable attorneys' fees, to be determined by the court was held to be valid an enforceable. *See Sand v. Greenberg*, No. 08 Civ. 7840, 2010 WL 69359, at *5 (S.D.N.Y. Jan. 7, 2010).

Based on the foregoing circumstances and applicable case law, the Court finds nothing vague, ambiguous or impermissibly conditional in the April 11, 2011 Offer of Judgment. While a defendant can make a lump-sum offer which incorporates all substantive relief in addition to costs (and potentially attorneys' fees where there is an applicable statute that provides for recovery of attorneys' fees as part of the costs),[5] a defendant can alternatively "specify the amount allowed for substantive relief and leave the determination of costs for later action by the court." 12 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3002 (2d ed. 2011).

Lastly, the Plaintiff's belief that the Offer of Judgment insufficiently compensates her for all of her claims is immaterial to the determination of whether the Offer of Judgment is valid. The April 11, 2011, Offer of Judgment unambiguously states that AFR offers $5,000 to satisfy *all* of Plaintiff's claims for relief. While the Court appreciates the fact that Plaintiff seeks equitable relief in addition to a monetary award, that fact in no way precludes a defendant from serving an offer of judgment which includes only a monetary award. In fact, in *Reiter,* a case in which the plaintiff sought both monetary and equitable relief, the defendants served an offer of judgment for $20,001 and ignored the non-monetary relief Plaintiff sought. 457 F.3d at 225. The plaintiff ultimately was awarded $10,000 in damages and equitable relief in the form of being reinstated to his former position. *Id.* at 228. The question before the Second Circuit was whether the $20,001

---

[5] In *Marek*, the Supreme Court also concluded that where an underlying statute defined "costs" to also include attorneys' fees, those fees were also considered to be costs under Rule 68. 473 U.S. at 9.

offer of judgment or the $10,000 monetary award and equitable relief obtained was more favorable. *Id.* at 229-30. While "[r]eadily acknowledging the difficulties posed by a comparison of monetary and equitable relief," the Second Circuit took no issue with an offer of judgment that completely ignored the non-monetary relief plaintiff sought. *Id.* at 231. The court reasoned,

> we are not convinced that the difficulty in comparing a monetary offer and judgment that includes non-monetary elements means that Rule 68 should not be applied in such cases. Nothing in the language of Rule 68 suggests that a final judgment that contains equitable relief is inherently less favorable than a Rule 68 offer that contains monetary relief.

*Id.* Should there come a point in time in this action where Plaintiff obtains a judgment that includes some form of equitable relief, the issue of whether that judgment is more or less favorable than Defendant's April 11, 2011 Offer of Judgment will then be ripe for resolution. At this time, however, the exclusion of any equitable relief from the offer of judgment does not render it invalid.

## V.  CONCLUSION

Based on the foregoing, the Court hereby confirms the validity of the April 11, 2011 Offer of Judgment. Hence, Plaintiff is subject to the requirements of Rule 68.

**SO ORDERED.**

Dated: Central Islip, New York
       January 3, 2012.

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge